UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LAURA A. ZADORECKY,

                                  Plaintiff,

v.                                                                            Case # 18-CV-6123-FPG

                                                                             DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                  Defendant.

**INTRODUCTION**

Pro se Plaintiff Laura Zadorecky brings this action pursuant to the Social Security Act seeking review of the denial of her Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") applications. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

The Commissioner moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) by the dispositive motions deadline. ECF No. 16. Plaintiff did not. This Court issued an order to show cause. ECF No. 18. Plaintiff responded to the order to show cause and included a statement of the reasons she seeks remand. ECF No. 19. The Court accepted the statement and deemed the matter fully submitted. ECF No. 20. For the purposes of this decision, the Court considers Plaintiff's response to the order to show cause to be her motion for judgment on the pleadings. For the reasons that follow, Plaintiff's motion is GRANTED, and the Commissioner's motion is DENIED.

**BACKGROUND**

Plaintiff applied for DIB and SSI on March 9, 2007.[1] Tr.[2] 50, 51, 95-103, 104-07. She claimed that she was disabled since January 1, 1999, due to, among other things, Addison's Disease[3] and problems with her left arm. Tr. 153. The SSA denied Plaintiff's applications and she requested a hearing by an administrative law judge ("ALJ"). Tr. 52-55, 60. After a hearing, the ALJ issued an unfavorable decision on July 31, 2009. Tr. 16-21. Plaintiff appealed the decision to this Court, which remanded the case to SSA on August 10, 2012. Tr. 617. A different ALJ issued a hearing decision on September 15, 2014. Tr. 648-58. The SSA Appeals Council remanded that decision for further consideration. Tr. 666-67. The ALJ then held a new hearing and issued a new, partially favorable decision on February 7, 2017. Tr. 434-47. The Appeals Council denied review, Tr. 423-26, and the ALJ's new decision became the final decision of the Commissioner of which Plaintiff now seeks review. ECF No. 1.

**LEGAL STANDARD**

**I.     District Court Review**

When a court reviews a final decision of the SSA, it does not "determine de novo whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. § 405(g)) (other citation omitted). The Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial

---

[1] She later amended the alleged onset date to May 6, 2005. Tr. 869.
[2] "Tr." refers to the administrative record in this matter.
[3] Addison's Disease is a disorder that occurs when the adrenal glands produce insufficient amounts of certain hormones. Symptoms include extreme fatigue and pain. *See Addison's Disease*, MAYO CLINIC, https://www.mayoclinic.org/diseases-conditions/addisons-disease/symptoms-causes/syc-20350293 (last accessed September 30, 2019).

2

evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

Further, when a court considers a pro se Social Security appeal, the court must liberally construe the pro se submissions, must not disregard obvious errors, and must engage in a "searching inquiry" to determine whether substantial evidence supports an administrative factual finding. *Smith v. Comm'r of Soc. Sec.*, No. 5:12-CV-1879 GLS/ESH, 2014 WL 3392336, at *4 (N.D.N.Y. July 10, 2014) (citing *Monette v. Astrue*, 269 F. App'x 109, 110 (2d Cir. 2008) (summary order)).

## II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* §§ 404.1520(c), 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id*. §§ 404.1520(d), 416.920(d). If the impairment meets or medically equals the

3

criteria of a Listing and meets the durational requirement, the claimant is disabled. *Id.* §§ 404.1509, 416.909. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id*. §§ 404.1520(e)-(f), 416.920(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. *Id*. §§ 404.1520(f), 416.920(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id*. §§ 404.1520(g), 416.920(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. §§ 404.1560(c), 416.960(c).

## DISCUSSION

### I. The ALJ's Decision

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the application date. Tr. 436. At step two, the ALJ found that Plaintiff had several severe impairments, including Addison's Disease and a left wrist fracture. Tr. 436-37. At step three, the ALJ found that none of Plaintiff's impairments met or medically equaled the criteria of any Listings impairment. Tr. 537. He then determined her RFC. Tr. 437-445. At step four, the ALJ noted that Plaintiff had past relevant work which she could perform until January 1, 2013 when

she became an individual closely approaching advanced age, but could not perform thereafter, and at step five, the ALJ found that Plaintiff could not adjust to other work that exists in significant numbers in the national economy after January 1, 2013. Tr. 446. Accordingly, the ALJ found that Plaintiff was not disabled from September 30, 2006 (the insured date) through January 1, 2013, but that she became disabled after that. Tr. 446-47.

## II. Analysis

At step three of the disability analysis, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a Listings impairment. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (*Id.* §§ 404.1509, 416.909), the claimant is disabled. If not, the ALJ determines the claimant's RFC and proceeds to the next steps of the analysis. *Id.* §§ 404.1520(e)-(f), 416.920(e)-(f).

To match an impairment in the Listings, the claimant's impairment "must meet all of the specified medical criteria" of a listing. *Barber v. Comm'r of Soc. Sec.*, No. 6:15-CV-0338 (GTS/WBC), 2016 WL 4411337, at *3 (N.D.N.Y. July 22, 2016) (citing *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990)). "An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Id.* An impairment may also be "medically equivalent" to a listed impairment if it is "at least equal in severity and duration to the criteria of any listed impairment." *Id.* (citation omitted).

An ALJ must explain why a claimant failed to meet or equal the Listings "[w]here the claimant's symptoms as described by the medical evidence appear to match those described in the Listings." *Rockwood v. Astrue*, 614 F. Supp. 2d 252, 273 (N.D.N.Y. 2009) (citation omitted). The Court "cannot . . . conduct a review that is both limited and meaningful if the ALJ does not state

5

with sufficient clarity the legal rules being applied and the weight accorded the evidence considered." *Id*. "Nevertheless, an ALJ's unexplained conclusion at step three of the analysis may be upheld where other portions of the decision and other clearly credible evidence demonstrate that the conclusion is supported by substantial evidence." *Yeomas v. Colvin*, No. 13-CV-6276P, 2015 WL 1021796, at *17 (W.D.N.Y. Mar. 10, 2015) (citation, quotation marks, and alterations omitted).

Here, Plaintiff argues that the ALJ failed to analyze whether her Addison's Disease equaled Listing 9.00B.4., and whether her left arm fracture equaled Listing 1.07. The Court agrees.

Listing 9.00B.4 discusses adrenal gland disorders under the general category of endocrine disorders. In his earlier September 15, 2014 decision, the ALJ briefly mentioned that he considered Listing 9.00, but he did not discuss it. His February 7, 2017 decision does not mention Listing 9.00B.4 at all. However, there is record evidence supporting Plaintiff's contention that she meets Listing 9.00B.4.'s requirements. For the reasons that follow, the Court finds that the ALJ erred by not analyzing whether Plaintiff met Listings 9.00B.4 and 1.07

Listing 9.00B.4. explains that adrenal gland disorders affect, among other things, bone calcium levels, and that the SSA "evaluate[s] adrenal-related osteoporosis with fractures that compromises the ability to walk or to use the upper extremities under 1.00." Listing 1.00 includes Listing 1.07, which identifies the

> [f]racture of an upper extremity with nonunion of a fracture of the shaft of the humerus, radius, or ulna, under continuing surgical management, as defined in 1.00M, directed toward restoration of functional use of the extremity, and such function was not restored or expected to be restored within 12 months of onset.

Here, the evidence shows that Plaintiff suffers from osteoporosis and that she broke her left arm. Tr. 358, 1162, 997-1000, 1123-25. Her left arm fracture did not heal properly, she had to have two surgeries, and she still experiences pain. Tr. 112, 114, 116, 126, 126, 440. This

6

evidence suggests that Plaintiff meets the requirements of Listing 1.07. But the ALJ did not evaluate Listing 1.07 either.[4]

The Commissioner argues that Plaintiff's left arm fracture does not satisfy Listing 1.07 because it did not require her to be "under continuing surgical management." Listing 1.00M. defines "under continuing surgical management," in part, as including post-surgical procedures or surgical complications that delay the individual's attainment of maximum benefit from therapy. The Commissioner contends that Plaintiff was not "under continuing surgical management" because she was released by her surgeon in 2007. But she broke her arm in 2004, underwent surgery in 2005, and then required a second surgery in 2006. This evidence suggests that Plaintiff might have satisfied the definition of "under continuing surgical management."

In any case, it is the ALJ's responsibility—and not the job of the Commissioner's attorney—to "build an accurate and logical bridge from the evidence to [his or her] conclusion to enable a meaningful review." *Hamedallah ex rel. E.B. v. Astrue*, 876 F. Supp. 2d 133, 142 (N.D.N.Y. 2012). The ALJ did not discuss Listings 9.00B.4. or 1.07 at step three and it is not clear from the remainder of his decision that the criteria of those Listings are not satisfied. Thus, the Court cannot conclude that the ALJ's determination is supported by substantial evidence because he failed to explain his reasoning. *See Quinones v. Colvin*, No. 6:13-cv-06603 (MAT), 2014 WL 6885908, *6 (W.D.N.Y. Dec. 8, 2014) ("Because the ALJ failed to provide an analysis of Plaintiff's back impairments sufficient to enable this Court to conclude that the step three finding is supported by substantial evidence, remand for further administrative proceedings is warranted."). Accordingly, remand is required.

---

[4] Plaintiff argues that the ALJ's failure to evaluate her left arm fracture under Listing 1.07 as its own impairment is an independent basis for remand.

**CONCLUSION**

For the reasons stated, Plaintiff's Motion for Judgment on the Pleadings (ECF No. 19) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 16) is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel*, 209 F.3d 117, 124 (2d Cir. 2000); 42 U.S.C. § 1383(c)(3). The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: September 30, 2019
Rochester, New York

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court